ALEJANDRINO RODRÍGUEZ ET AL., Plaintiffs and Appellees, *v.* CARLOS RODRÍGUEZ, Defendant and Appellant.

No. R-67-268.    Decided March 3, 1970.

730

*Federico Pizarro Santiago* for appellant. *Francisco Dávila Hernández* for appellees.

PER CURIAM: On January 5, 1964, while plaintiff Alejandrino Rodríguez Ríos was walking along highway No. 3 from Humacao to Yabucoa, he was run over by an automobile driven by Ventura Rodríguez and he sustained serious injuries consisting of a compound fracture of the left leg and bruises and wounds on the head and the face. Ventura Rodríguez, the owner of the vehicle Carlos C. Rodríguez, and the United States Casualty Company having been sued and the trial having been held, the Superior Court rendered judgment in favor of Alejandrino Rodríguez Ríos for $3,000 on account of physical injuries sustained plus $720 for loss of income. It did not award attorney's fees.

Defendant Carlos C. Rodríguez contended at the trial and in his petition for review that he was not liable because he had sold the automobile which caused the damages. Since in the record there appeared a contract, signed before notary, through which Carlos C. Rodríguez sold a Chevrolet automobile to Luis Ríos Salgado in August 1962, and since the affidavit is genuine, we agreed to review with deep concern by the fact that an injustice could have been committed against Carlos C. Rodríguez. The matter under review having been carefully examined we found that no such injustice was committed because two different automobiles were involved. The automobile which ran over the plaintiff was a 1962 Chevrolet, license plate No. 201-245, motor number 21769T-272415.

According to an official certification of the Department of Public Works (Plaintiff's Exhibit 3) as of January 5, 1964, date of the accident, this car appeared recorded in the Automobile Division of said Department in the name of defendant Carlos C. Rodríguez Rodríguez. The automobile object of the contract of sale (Defendant's Exhibit B) is a 1961 Chevrolet, license plates 202-380, motor number 11769T-160817. This is the vehicle Rodríguez sold to Luis Ríos Salgado on August 1, 1962, and it is not the car involved in the accident.

■■ The first of the three errors assigned, the one which refers to the identity of the automobile, was not committed. The other two assignments of error are untenable. One is related to the amendment of the judgment made by the trial court. In its original judgment the Superior Court ordered "the defendant" to pay to plaintiff the aforesaid sums. In its amended judgment the court ordered "the codefendant Carlos C. Rodríguez" to pay to plaintiff said sums. The amended judgment does not alter in any manner whatsoever either the findings of fact or the conclusions of law made originally by the court. The amendment to a judgment, making it clear, is one which is within the sound discretion of the court. *Heirs of Rosario* v. *Heirs of Cortijo*, 83 P.R.R. 653, 658 (1961). As to the third error, the trial court did not err in denying a motion for reconsideration presented after the term of fifteen days set by Rule 47 of the Rules of Civil Procedure had elapsed. This is especially so in view of the conclusions we have reached as to the merits of the case.

The amended judgment rendered in this case by the Superior Court, Caguas Part, on July 13, 1967, will be affirmed and the amount of $500 for attorney's fees will be imposed on defendant-appellant.

Mr. Chief Justice did not participate herein.